PITTMAN et ux. *v.* MARTIN.

In Banc. Dec. 31, 1949.

No. 37314 (43 So. (2d) 668)

**W. M. Hutto,** for appellants.

38

**W. Vol Jones,** for appellee.

**Alexander, J.**

Pittman and wife filed their bill to cancel a mineral deed and royalty transfer purportedly from them to appellee upon the ground of forgery or alteration by the grantee. It is alleged that the deed intended to and did convey such interest in the NE¼ SW¼ of Section 9, T. 6, R. 7 West, in Wayne County; that it was so recorded in 1939; and that it was re-recorded in 1945 bearing a change in description, to wit, the SE¼ NW¼.

The answer of the defendant denied any alteration, but alleged that the error was due to the mistake of the clerk who placed it of record. It is impossible to determine with certainty from the record whether the language of the two deeds is taken from the originals or the record.

Of course, if there was shown an alteration of the instrument in so material a particular by the grantee without the consent of the grantor, we should be compelled to re-examine the dictum in Foote v. Hambrick, 70 Miss. 157, 171, 11 So. 567, 35 Am. St. Rep. 631, whose conclusions were based upon prior cases dealing with promis-

sory notes. We are not prepared to lend our assent to the right of a grantee in a deed to change a description after recordation and without express consent of the grantor, even though justification for such correction be sought in an innocently frustrated intention of the grantor. Due process of reformation is available and adequate to this end.

Had the learned chancellor found as a fact that the deed had not been altered, an affirmance would probably be indicated since he examined the original deed and we do not have it before us. But this he did not do. His finding, upon which the decree is based, is as follows:

"The Complainant has admitted on the stand that he only owned the particular 40-acres in this section that the deed now describes, although he claims the deed was changed he admits it was changed to conform with the original bargain that he made to sell these minerals. The Court does not see how he can now complain that the deed now speaks the truth, or what was intended at the time it was executed.

"The Court is, therefore, of the opinion the motion should be sustained."

This finding by-passes the defense set up in the answer, that the error was only in the recording. Moreover, the complainant (appellant) did not in the record admit that "it was changed to conform to the original bargain that he had made." Although he stated that he did not own any other lands in Section 9 except the SE¼ NW¼, he testified that he executed a deed to the NE¼ SW¼. While such action impugns his status as a claimant to equitable relief by a pleading of his own wrong, and while the court was moved by a finding of estoppel against him, the relief sought was as above stated, not reformation but cancellation as a forgery of altered instrument, to which the defense was mistake in recordation.

We are of the opinion that the factual issue should have been alteration vel non. If no alteration be found, the grantee would be entitled to re-record the instrument. If alteration be adjudged, a decision of the legal effect would then bring into play such factors as the assent of the grantor, and his knowledge of his own mistake, and above all, whether, despite a favorable showing in these respects, a deed may in any event be informally "reformed" after full execution and recordation by the act and at the will of the grantee. We do not pass upon this issue nor forecast what remedies would be available in the event the complaint be maintained and the defense fail. The bill was dismissed upon motion to exclude complainants' testimony. The defendant was not put to proof of the issue she tendered, nor was the cause decided thereon.

We reverse and remand so as to allow these factual issues to be developed and adjudged.

Reversed and remanded.